# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

DANIEL C. MCPHADDEN,

    Plaintiff,

v.                                        CASE NO. 1:07-cv-00015-MP-WCS

CAROLYN COLVIN,[1]
Acting Commissioner of Social Security,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on plaintiff counsel's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b). (Doc. 27). The Commissioner has filed a response (doc. 28) indicating that he does not contest a fee of twenty-five (25) percent of plaintiff's past due benefits. Although the attorney award of $7,750.00 is uncontested, the court must still make an independent determination of the reasonableness of any fee awarded pursuant to § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08, 122 S. Ct. 1817, 1828 (2002) (holding that courts may award a reasonable fee not to exceed twenty-five percent of past due benefits and should consider the character of the representation and the results the representation achieved in determining the reasonableness of a contingency fee agreement).

The court finds upon consideration of the factors cited with approval in *Gisbrecht* that the requested fee award is reasonable. The representation of plaintiff in this case was not substandard, and the attorney for plaintiff, does not appear to have been responsible for any

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

delays in this matter. Moreover, counsel represented plaintiff on a contingency fee basis for an extended period of time, obtaining past-due benefits in the amount of $31,000.00. While the hourly rate almost certainly exceeds market rates, by working on a contingency fee basis counsel accepted the risk of not being compensated for their efforts. As such, the requested fee is not a windfall. Furthermore, the plaintiff has made no objection to his attorney's fee request. The Commissioner withheld $5,152.98 of plaintiff's past-due benefits for attorney fees. Pursuant to the fee agreements in this case, plaintiff's counsel seeks an award of twenty-five percent of Plaintiff's past due benefits less any administrative, 42 U.S.C. §406(a), fee and E.A.J.A., 28 U.S.C. §2412(d), fee[2] paid to, or expected by, Plaintiff's counsel. Thus, plaintiff's counsel seeks an award of $4,513.02 ($31,000.00 x 0.25 - $3,236.98 = $4,513.02), and order directing the Defendant Commissioner to pay Plaintiff the remaining $639.96 funds being retained by the Defendant Commissioner.

**ORDERED AND ADJUDGED**:

1. The petition for attorneys' fees (doc. 27) is GRANTED. Pursuant to 42 U.S.C. § 406(b), plaintiff's attorney is awarded fees in the amount of $4,513.02. Defendant is ordered to pay the fee from plaintiff's past-due benefits and to pay Plaintiff the remaining $639.96 funds being held by defendant.

**DONE AND ORDERED** this __4th__ day of March, 2013

                                          *s/Maurice M. Paul*
                                          Maurice M. Paul, Senior District Judge

---

[2] $3,236.98 in this matter. (See doc 25).